CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 8 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Civil Action No.:7:06cv00240 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| | ) By: Samuel G. Wilson |
| HENRY ALLEN STANLEY | ) United States District Judge |
| | ) |

This is a motion pursuant to 28 U.S.C. § 2255 by Henry Allen Stanley claiming that his plea of guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846 was involuntary because it was based on faulty legal advice, and that the court enhanced his sentence in violation of United States v. Booker, 543 U.S. 220 (2005). The court finds that Stanley's guilty plea was voluntary, that he waived his right to collaterally attack his plea and sentence, and that his claims lack merit. Accordingly, the court denies Stanley's §2255 motion.

I.

A grand jury indicted Stanley and two codefendants for conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846. The indictment post-dated Blakely v. Washington, 124 S.Ct. 2531 (2004) and pre-dated Booker, during a time that the government cautiously alleged in indictments, relevant conduct, specific offense characteristics, and grounds for upward departures. Therefore, in addition to alleging the elements of the offense, the indictment alleged that the offense involved 500 grams of a mixture or substance containing crack cocaine, that Stanley possessed a firearm in connection with the offense, and that he acted as a "organizer, leader, or manager of a criminal activity." The indictment also charged Stanley with two other offenses – possession with intent

to distribute 5 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of that drug trafficking crime in violation of 18 U.S.C. §924(c).

Approximately two weeks after the Supreme Court decided Booker, Stanley pled guilty to the conspiracy. Stanley's plea agreement stipulated that he would receive a two level enhancement for possession of the firearm, that 500 grams of cocaine base would be attributed to him, and that he would not receive a role adjustment. The agreement provided that the parties agreed and intended for Stanley to "receive a sentence as close to 15 years in duration as is permitted by the applicable Guidelines sentence range." Finally, the plea agreement expressly waived Stanley's right to appeal sentencing decisions and to collaterally attack his plea and sentence.

The court conducted a thorough plea colloquy, during which Stanley affirmed under oath, among other things, that he received a copy of the indictment, that he had discussed the charges and his case with his counsel, that he was fully satisfied with his counsel's representation, that he had read the entire plea agreement before he signed, that he understood everything in the agreement, that no one had made any other or different promise or assurance to him of any kind in an effort to induce him to enter the plea, that no one had forced him to enter the plea, that he understood the offense carried a possible life sentence with a mandatory minimum of 10 years, that the court was not bound to follow the sentencing recommendations in his plea agreement, that the court would not permit him to withdraw his plea if the sentence was more severe than he expected, that he was waiving his right to appeal and his right to collaterally attack his plea and sentence, and that he was pleading guilty because he was in fact guilty. Finding that Stanley was fully competent and capable of entering an informed plea and that his plea was knowing and

voluntary, the court accepted it.

Based upon the stipulation in Stanley's plea agreement as well as the probation officer's own calculation, the probation officer attributed more than 500 grams of crack cocaine to Stanley, establishing a base offense level 36 pursuant to United States Sentencing Guideline § 2D.1.1(c)(2). Stanley received a two level increase pursuant to Guideline § 2D1.1(b)(1) for possession of a firearm, and a three level decrease pursuant to guideline § 3E1.1(a) and (b) for acceptance of responsibility, for a total offense level of 35. This produced a guideline sentencing range of 210 to 262 months based on Stanley's criminal history category – III, and the court sentenced him to 210 months. Stanley did not appeal. Instead, Stanley filed this § 2255 raising four overlapping grounds for relief. In ground one, Stanley claims the court committed "plain error" when it sentenced him based upon facts that a jury should have determined; in ground two, Stanley claims his plea was involuntary due to his counsel's ineffective assistance; in ground three, which essentially repeats ground one, Stanley claims of the court improperly enhanced his sentence based on additional drugs and a firearm; and in ground four Stanley essentially claims his counsel was ineffective for failing to recognize that the base offense level contained his present report "drastically inflated" the drug quantity, attributed to him in violation of Booker.

## II.

Stanley's challenge to the effectiveness of his counsel and the voluntariness of his plea are grounded in large measure on the court's commission of Booker related error and his counsel's failure to recognize it. However, his Booker claims lack merit. Stanley entered his plea and the court sentenced him after the Supreme Court decided Booker. Accordingly, it sentenced him under a constitutional regimen, see United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005) ("[T]he use of extra verdict enhancements in an advisory guideline system is

3

not unconstitutional" under Booker), and his Booker claims, as well as his effective assistance and voluntariness claims that are dependent upon them, fail. They also fail because they are within the scope of a valid collateral attack waiver and barred. United States v. Blick, 408 F. 3d 162 (4thCir. 2005) (waivers effective for Booker claims).

### III.

Stanley essentially raises four non-Booker effective assistance claims which, like his Booker related effective assistance claims, intertwine the voluntariness of his guilty plea claim. The court finds that they all lack merit.

First, Stanley claims that his counsel told him that if he did not plead guilty he could receive 85 years imprisonment. For purposes of the government's motion to dismiss the court assumes that the allegation is true. Nevertheless, the court finds neither defective performance nor prejudice. From a statutory standpoint the court could have imposed a life sentence. From the standpoint of the guidelines, had Stanley not received a three level reduction for acceptance of responsibility and had the court found that he was "an organizer, leader, manager, or other supervisor in a criminal activity," the lowest aggravating role adjustment, which would have resulted in a two level enhancement, his total offense level would have been 40. Since he is a criminal history category III, his guidelines sentence would have been 360 months to life.

Second, Stanley claims that his counsel never made him "aware of the fact that he would be pleading guilty to conspiring to distribute 657.36 grams of cocaine base." However, his signed plea agreement, which he acknowledged in open court he read and understood, specifically states that he will be held responsible for 500 grams of cocaine base. The government specifically mentioned that amount in summarizing Stanley's plea agreement, and the court determined his base offense level – 36 – from that amount.

4

Third, Stanley claims that his counsel failed to inform him that he would receive a two level enhancement for possession of a firearm. Once again, his signed plea agreement specifically provides for a two level enhancement for possession of the firearm. He acknowledged in open court that he read the agreement and understood it.

Fourth, he claims that he was not aware that he was waiving his right to appeal and to collaterally attack his plea and sentence. However, his signed plea agreement specifically provides that he is waiving his right to appeal and to collaterally attack his plea and sentence, and the court questioned him concerning those waivers and he acknowledged that he understood them.

It follows that the four non-Booker related effective assistance claims Stanley marshals in support of his claim that his guilty plea was involuntary are simply unsupported. It follows that his plea of guilty, which the court accepted as a knowing and voluntary plea is precisely that. It also follows that a valid waiver precludes Stanley's § 2255 petition. See United States v. Lemaster, 403 F.3d 216, 220-223 (4th Cir. 2005).

## IV.

For the foregoing reasons, the court denies Stanley's § 2255 motion.

**ENTER**: This November 28, 2006.

_____
UNITED STATES DISTRICT JUDGE

5